IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

Linda Hendrix,

    Petitioner,

v.                                                              Civil Action File No. 2019CV318177

The City of Atlanta, Georgia and Marian
Woods, in her individual capacity & as
Administrator of the Civil Service Board,
City of Atlanta.

    Defendants.

## **COMPLAINT and PETITION FOR WRIT OF MANDAMUS**

Petitioner Linda Hendrix, a classified employee of the City of Atlanta (hereafter, "the City") for approximately twenty years, was escorted from work on December 27, 2017, and placed on administrative leave, without any explanation. Since then, Petitioner was advised verbally that her employment was terminated, but no reason was provided. Petitioner was informed she would receive a written explanation of the reasons for termination, but Defendants have never presented Petitioner with any written explanation for her termination, let alone provided any "just cause" for it. Defendants have also denied Petitioner the opportunity to both a pre-termination and post-termination hearing for more than a year. By this verified petition, Ms. Hendrix seeks reinstatement with full back pay and benefits, and damages for the denial of her due process rights. Specifically, Petitioner seeks a

Writ of Mandamus to compel the City of Atlanta, Ms. Marian Woods, and the Civil Service Board of the City of Atlanta (the "Board"), to comply with their mandatory public duties under the City of Atlanta's Code of Ordinances by: 1) immediately reinstating Petitioner to the position she last held, at the salary she would have had if she had not been terminated; 2) paying Petitioner all lost pay and benefits until the date of her reinstatement, and all attorneys' fees she has incurred since December 27, 2017; 3) providing Petitioner all other damages permitted by law, and, 4) providing Petitioner with a written explanation as to the "just cause" reasons for the City's personnel decisions regarding Petitioner, and an expedited hearing before the Civil Service Board to clear her name and challenge the termination decision.

## The Parties

1.  Petitioner Linda Hendrix, a female citizen of Henry County, is a resident of the State of Georgia and subjects herself to the jurisdiction of this Court.

2.  Petitioner is a long-term employee of the City, having first been hired as a temporary employee in March of 1997, made a permanent employee in April 1998, and having worked continuously through December 27, 2017.

3.  The City of Atlanta, Georgia is a municipality in the State of Georgia, located within Fulton County. The City of Atlanta is an employer that employs several thousand employees throughout more than a dozen separate

departments of City government.

4. The City of Atlanta Department of Human Resources (DHR) is a human resource management organization whose purpose is to provide service to, manage and direct all aspects of human resources for all City of Atlanta employees, including insuring that,"all personnel matters shall be determined solely on the basis of merit and qualifications." (Atlanta, Ga., Code of Ordinances §§ 114-77 )

5. The principal employee relations official for the City of Atlanta is the Commissioner of Human Resources, who has full responsibility for the operation of the City's civil service system and the enforcement of the Human Resources provisions in the City's Ordinances, including serving as the keeper of the official personnel files for Atlanta City employees. (Atlanta, Ga., Code of Ordinances §§ 114-82; 114-503; 114-529).

6. Since early in 2018, Defendant Marion Woods has been the Commissioner of Human Resources for the City of Atlanta.

7. The City has established a civil service system for the sound personnel administration of the City and its employees, "with the goal of hiring and retaining"... capable, diligent, honest career employees. (Atlanta, Ga. Code of Ordinance § 114-77)

8. The City has established the Civil Service Board as the "official protector of the civil service." (Atlanta, Ga., Code of Ordinances §§ 114-78; 114-79)

9. The Board is required to "hold hearings when requested by an employee or an appointing authority on final demotions, suspensions, dismissals or other such adverse actions, and has the power to make final determinations and dispositions of such matters." (Atlanta, Ga., Code of Ordinances § 114-79)

10. The Board is the final decision-making adjudicatory body of the City of Atlanta with regard to terminations of classified employees working for the City of Atlanta. (Atlanta, Ga., Code of Ordinances § 114-79)

11. As the City's Commissioner of Human Resources, Defendant Woods serves as the Administrative Officer of the Civil Service Board and has a duty to generally administer the Civil Service system of the City of Atlanta. (Atlanta, Ga., Code of Ordinances § 114-80)

12. Defendant Woods has a public duty to insure that the City follows its own ordinances regarding the imposition of disciplinary action, including adverse actions, against all regular City employees. (Atlanta, Ga., Code of Ordinances §§ 114-80; 114-81)

13. Defendant Woods has a public duty to insure that all regular City employees who are discharged, demoted, suspended or otherwise suffer an adverse

action are notified of the reasons for the action, and are scheduled for and afforded a hearing before the Board. (Atlanta, Ga., Code of Ordinances 114-381)

14. This Court has jurisdiction over this matter pursuant to the Georgia constitution.

15. Venue is proper in Fulton County as Plaintiff seeks relief against Defendants residing or located within Fulton County.

16. The Defendants can be served with process through the City's Mayor, Keisha Lance Bottoms, 55 Trinity Avenue, Atlanta, Georgia 30303.

The Facts

17. At all times relevant to this matter, Petitioner has been a member of the classified service of the City of Atlanta.

18. As such, Petitioner is entitled to receive progressive discipline prior to being dismissed or discharged by the City of Atlanta. (Atlanta, Ga., Code of Ordinances § 114-381(b))

19. Additionally, Petitioner cannot be discharged or dismissed by the City without just cause. (Atlanta, Ga., Code of Ordinances §114-381(a))

20. Nor could Petitioner be terminated without the City first presenting her with a written statement from the Airport Manager specifically setting forth the

reasons for her discharge. (Atlanta, Ga., Code of Ordinances § 114-381; Ord No. 2007-22 06-O-2700; § 1, 3-27-07)

21. Nor could Petitioner be terminated without the City first providing Petitioner with a hearing before the Board if she requested one.

22. In December 2017, as she had been throughout her more than 20 years working with the City, Petitioner was working in the City's Department of Aviation, assigned to work at the Hartsfield Jackson Atlanta International Airport. ("Airport")

23. Petitioner held the job title of "Data Reporting Analyst, Senior," but her job duties were essentially serving as the Office Manager over the area of the Airport where the management team of the Airport was housed.

24. In her job as Data Reporting Analyst, Senior, Petitioner had responsibility for assisting the Property Division with locating, assigning and readying offices in the administrative area for individuals who were beginning work or relocating to work at the Executive Offices at the Airport.

25. In early December 2017, Petitioner was instructed to assist the Director of International Affairs ("Director") for the City to relocate to the executive suites at the Airport, along with two other employees who needed cubicles. This was a duty that Petitioner had performed for many years without issue.

26. Petitioner reached an agreement with the Director as to which office she would move into, how the office would be re-decorated and the furniture positioned before the Director left for her vacation during the last two weeks of December.

27. Petitioner was to have the office ready for the Director when the Director returned to work at the beginning of the new year.

28. On December 27, 2017, Plaintiff got into a discussion with her supervisor, Marcia Brown, Management Analyst, concerning the relocation of the Director and her two subordinates to the administrative offices of the Airport. Ms. Brown, whose position was not at the Director level, disagreed with the office assignments that had been made, suggesting they needed to be changed.

29. Petitioner indicated that she could not reverse the representations she had made to the Director and the other employees and their supervisors prior to them all taking leave for the Christmas/New Year holidays, and said any further action would need to wait until it could be discussed with the Director when she returned to work after January 1, 2018.

30. Petitioner indicated that she could not make any changes to the assignments until after the first of the year when the Director and these individuals would

be back in the office.

31. Ms. Brown got irrate with Petitioner and requested that the Airport's Human Resources Manager, James Beam, send Petitioner home, which he did. Without explanation the City of Atlanta placed Petitioner on administrative leave with pay, took her badge and had her escorted out by police.

32. According to the City's Ordinances, the official personnel file of classified employees was to be maintained in the office of the Director of Human Resources.

33. All reprimands or other progressive discipline was to be put in writing and given to the employee promptly following the act or behavior at issue. All reprimands were to include the charge, the specific behavior, dates of the behavior where appropriate, and a warning that continuance of the behavior would result in further disciplinary action. A copy of the reprimand was required to be forwarded to the commissioner of human resources and placed in the employee's official personnel file. Atlanta, Ga., Code of Ordinances § 114-523.

34. On December 29, 2017, Petitioner went by the City's personnel office to review her formal personnel file. The file contained no disciplinary actions of any kind, including no explanation for sending Petitioner home on December 27, 2017.

35. On December 30, 2017, Petitioner received a letter dated December 27th from Marcia Brown and the City of Atlanta stating she had been suspended with pay, "pending investigation of an act of insubordination." Petitioner was never provided any further information about her suspension, nor was she contacted as part of any investigation.

36. On January 10, 2018, Petitioner received a call from Marcia Brown and James Beam, an Human Resources Manager of the City assigned to the Atlanta Airport, and was advised that the City had decided to "sever ties" with her. Although Petitioner inquired as to the reason for this decision, she was given no explanation, but was told only, "the decision has been made."

37. Petitioner was told she would get a written explanation by mail in the coming weeks, but she never received any explanation, nor even a separation notice.

38. Petitioner never received anything indicating either the date of her alleged termination, nor the reason for it.

39. The head of the Department of Aviation at the time of Petitioner's termination was required by the City's Code of Ordinances to prepare a document setting forth the reasons for Ms. Hendrix's discharge and file it with the Commissioner of Human Resources. (Atlanta, Ga., Code of Ordinances, § 114- 381((b). This was not done. Thus, Petitioner had no formal notice of her discharge.

40. Despite numerous attempts by Petitioner to get the City to follow its own procedures and provide a written explanation for her alleged termination, she never received one.

41. On two additional occasions in 2018, once in March and once in May, Petitioner went to the Office of the Director of Human Resources to review her personnel file. At no time was there in the file any documentation of discipline, warnings, writeups, suspensions or terminations.

42. Despite a number of written attempts to get Defendant Woods to convene the Civil Service Board to hold a due process hearing so that she could address the charges against her and clear her name, Defendants have refused to schedule or permit such a hearing, and Petitioner has no other adequate remedy.

## COUNT I:
## DEPRIVATION OF PETITIONER'S DUE PROCESS RIGHTS PURSUANT TO 42 U.S.C. § 1983

43. Defendants are "person[s]," as that term is defined and interpreted by 42 U.S.C. § 1983, and are therefore subject to liability for violation of the rights of a public employee.

44. The Due Process Clause of the 14th Amendment requires that a deprivation of a protected property interest be preceded by actual notice and a meaningful opportunity to be heard.

45. Petitioner, as a public employee who could only be dismissed for cause, possesses a protected property interest in her continued employment

pursuant to the due process clauses of the Georgia Constitution and the Fourteenth Amendment of the U.S. Constitution.

46. Ms. Hendrix was subjected to a "disciplinary action" when she was suspended for unknown reasons, involuntarily escorted off the premises, and later dismissed from her employment without just cause and without having first received progressive discipline.

47. Pursuant to the U.S. Constitution, Georgia Constitution, and City of Atlanta Code of Ordinances Petitioner has a clear legal right to receive notice and an opportunity to be heard before being terminated for cause.

48. Ms. Hendrix has been denied any information about the charges against her and any opportunity for a hearing in which she could clear her name.

49. Defendants, acting under the color of federal, state and local law, and pursuant to their customs, regulations, and policies, failed and refused to provide Ms. Hendrix with the requisite notice and opportunity to be heard prior to terminating her employment.

50. Defendants, acting under the color of federal, state and local law and pursuant to their customs, regulations, and policies, failed and refused to provide Ms. Hendrix with a post-termination hearing before a neutral body.

51. By failing and refusing to provide Petitioner with an explanation for its adverse actions, or a pre-termination opportunity to be heard, Defendants

deprived Petitioner of her constitutional due process rights, which are actionable pursuant to the federal statutory provision found at 42 U.S.C. § 1983.

52. By terminating Petitioner without good cause and without following the City of Atlanta ordinances, including failing and refusing to provide Petitioner with a hearing for more than a year since her termination, Defendants have deprived Petitioner of her constitutional due process rights, which are actionable pursuant to the federal statutory provision found at 42 U.S.C. § 1983.

53. As a direct and proximate result of Defendants' actions and omissions, Ms. Hendrix has suffered loss of wages, loss of benefits, loss of professional advancement, impairment to her reputation, loss of enjoyment of life, anxiety and humiliation, mental anguish, emotional distress, other pecuniary and non-pecuniary losses, and has had to expend a substantial amount of time and money in order to protest this unconstitutional deprivation of her rights.

54. Petitioner is entitled to immediate reinstatement to the position she held at the time of her unlawful termination, with all rights and benefits associated with that position, and payment of all wages and benefits she has lost.

55. As a direct and proximate result of Defendants' acts and omissions, Petitioner is entitled to full reimbursement of costs and expenditures and reasonable

attorney's fees pursuant to 42 U.S.C. § 1988, compensatory damages, and all other available legal and equitable relief permitted by law as this Court deems just and proper.

## COUNT II:

## PETITION FOR WRIT OF MANDAMUS ABSOLUTE

56. Pursuant to Georgia law and the City of Atlanta's Code of Ordinances, Petitioner has a clear legal right to the faithful execution of the Board's policies, rules and regulations, which include being given reasonable notice of the charges against her and an opportunity to respond to them before an adverse disciplinary action is taken against her, and being given the opportunity for a post-termination hearing before a neutral body.

57. Defendants had a public duty to implement and enforce the specific administrative rules, regulations, procedures, and policies within the City of Atlanta's Code of Ordinances.

58. In accordance with the City of Atlanta Code of Ordinances, if the City of Atlanta wished to terminate Petitioner's employment, the City and its managers in the City's Department of Aviation had an official obligation to support the termination decision in writing with specific evidence of good cause provided to both Petitioner and Defendant Woods prior to terminating Ms. Hendrix.

59. Defendant Woods, the City and the Civil Service Board had an official duty to require that Petitioner be given the rationale behind the adverse actions taken against her, particularly her termination.

60. Defendant Woods, the City and the Civil Service Board had an official duty to require that Petitioner be given the opportunity to be heard by a decision-maker before she was terminated.

61. Defendant Woods, the City and the Civil Service Board had an official duty to require that Petitioner be given a full and fair hearing before a neutral body after her termination.

62. Defendants have breached their duty and abused their authority by failing to provide Petitioner with her clear legal right to hear the reasons for her discharge and respond to the charges against her prior to her termination, and by failing and refusing to provide Ms. Hendrix with a fair and impartial post-termination civil service appeal hearing despite formal requests that she do so.

63. Petitioner has a clear legal right to have this Court insist that Defendants reinstate Petitioner to her former position with a full restoration of all her rights and payment of all wages and fringe benefits lost, and then to receive notice of any charges against her, and be given both a pre-termination and post-termination hearing.

64. Petitioner has no other adequate remedy at law.

WHEREFORE, Petitioner respectfully requests that as soon as practicable this Court issue a Writ of Mandamus (proposed order attached hereto), directing the Defendants to perform their respective official, statutory, ministerial, and non-discretionary duties, including but not limited to: (1) reinstating Petitioner to her position of Data Reporting Analyst, Senior with the City of Atlanta at her last rate of pay plus all raises she would have received since December 27, 2017; (2) paying Petitioner all back wages and benefits she has lost as a result of Defendants' violations of their public duties; and (3) comply with their public duties, including *if* the Defendants intend to pursue termination of Petitioner's employment, they shall provide Petitioner with a written list of the reasons they claim constitute "just cause" for her termination, and allow her meet with the Department Head in advance of any termination, and have an expedited hearing before the Civil Service Board within 60 days in the event a termination is carried out. Petitioner further seeks that the Court award her compensatory damages and her costs and attorneys fees, and such other and further relief as may be just and proper.

Respectfully submitted this 14th day of March, 2019.

/s/Debra Schwartz
DEBRA SCHWARTZ
Georgia Bar No. 631035
CHARLOTTE J. REDO
Georgia Bar No. 604571

Schwartz Rollins, LLC
945 E. Paces Ferry Road, Suite 2270
Atlanta, GA 30326
404-844-4130 (Tel) 404-844-4135 (Fax)
des@gaemploymentlawyers.com
cjr@gaemploymentlawyers.com

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

Linda Hendrix,

    Petitioner,

v.                                                    Civil Action File No.

The City of Atlanta, Georgia and Marian
Woods, in her individual capacity & as
Administrator of the Civil Service Board,
City of Atlanta.

    Defendants.

## PROPOSED ORDER

For good cause shown and pursuant to the discretion granted to this Court, the Court hereby GRANTS Petitioner's Writ of Mandamus and directs Defendants to: (1) reinstate Petitioner to her position of Data Reporting Analyst, Senior with the City of Atlanta at her last rate of pay plus all raises she would have received since December 27, 2017; (2) pay Petitioner all back wages and benefits she has lost as a result of Defendants' violations of their public duties; (3) provide Petitioner with a written list of the reasons she was terminated, and (4) schedule an expedited hearing for Petitioner before the Civil Service Board to appeal her termination no later than 60 days from the date of this Order.

    SO ORDERED, this _____ day of _____, 2019.

                                             _____
                                             Fulton County Superior Court Judge

Submitted by:
/s/Debra Schwartz
DEBRA SCHWARTZ
Georgia Bar No. 631035
CHARLOTTE J. REDO
Georgia Bar No. 604571
SCHWARTZ ROLLINS, LLC
945 E. Paces Ferry Road, Suite 2270
Atlanta, GA 30326
404-844-4130 (Tel) 404-844-4135 (Fax)
des@gaemploymentlawyers.com
cjr@gaemploymentlawyers.com